UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DEMOSS,

    Plaintiff,

Case No. 10-10423

v.

HONORABLE STEPHEN J. MURPHY, III

CITI MORTGAGE,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS** (docket no. 2) **AND DISMISSING COMPLAINT
(docket no. 1) PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

On February 1, 2010, Plaintiff Donald DeMoss filed a pro se compliant along with an application to proceed without prepayment of fees, or *in forma pauperis* ("IFP"). Docket nos. 1 & 2. Upon reviewing the application, the Court is persuaded that DeMoss is unable to pay the filing fee. DeMoss's application to proceed IFP will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), however, the Court must dismiss DeMoss's complaint *sua sponte* because it fails to state a claim upon which relief may be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 212 (2007) (court must dismiss case when the action satisfies section 1915(e)(2)(B) and court has no discretion to permit amendment to avoid *sua sponte* dismissal). To state a valid claim, the plaintiff's factual allegations must demonstrate a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). To be plausible, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545,

548 (6th Cir. 2007) (quoting *Bell Atl.*, 550 U.S. at 556). The Federal Rules of Civil Procedure do not require a plaintiff to set forth in detail the facts upon which the claim is based. All the Rules require is "a short and plain statement of the claim" that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a). This standard requires the plaintiff only put forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]." *Bell Atl.*, 550 U.S. at 556.

DeMoss has filed what he titles a "Notice of Fraud and Intent to Litigate," along with 175 pages of supporting documentation. This "Notice," which the Court will construe as a complaint, is essentially a letter to Defendant Citi Mortgage giving "Constructive Notice to [Citi Mortgage] that I have discovered extensive fraud in regard to the mortgage and transactions associated with it on certain real property as noted below." Compl. p. 1. The Notice does not indicate that DeMoss is suing the defendant for anything. It merely advises Citi Mortgage that DeMoss has delivered to the FBI and Secret Service certain information in DeMoss's possession that DeMoss believes may lead to a criminal prosecution. DeMoss's Notice has not shown he is entitled to any relief, nor has he even demanded any relief. *See* Fed. R. Civ. P. 8(a).

The civil cover sheet provides some further indication of what DeMoss is complaining about, but not much. At the bottom of the cover sheet DeMoss indicates that his cause of action lies in 18 U.S.C. § 474.[1] Even were DeMoss to expressly state in his Notice that he was suing under section 474, he would still not state a plausible claim. 18 U.S.C. § 474, a criminal statute, prohibits, among other things, the possession, control, or use of any

---

[1] DeMoss's Notice, however, is devoid of any mention of *any* federal statute, including 18 U.S.C. § 474.

2

plate, stone or other thing from which has been printed any obligation or other security of the United States. 18 U.S.C. § 474(a). Violation of section 474 is a class B felony. *Id.* DeMoss cannot sue under this statute. As the Sixth Circuit has held, "where there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see also Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) ("Moreover, the appellate court in this circuit has declined to infer causes of action under criminal statutes.") (citing cases from Sixth Circuit). Furthermore, the Supreme Court has recently stated:

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

*Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (internal citations omitted). The language of section 474 does not indicate, in any way, that Congress intended that the statute be privately enforced. DeMoss has provided no authority, and the Court is aware of none, which would allow DeMoss to privately enforce 18 U.S.C. § 474. Accordingly, DeMoss has failed to plead a plausible claim, and the Court will dismiss his complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**WHEREFORE**, it is hereby **ORDERED** that:

- DeMoss's application to proceed *in forma pauperis* (docket no. 2) is **GRANTED**;

- DeMoss's complaint (docket no. 1) is **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**SO ORDERED.**

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: February 5, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2010, by electronic and/or ordinary mail.

Alissa Greer  
Case Manager